NO. 857

COURT OF APPEAL

PARISH OF ORLEANS

*****

ABDUL SURKER

vs.

JOSEPH SUTTON.

*******

288

Dinkelspiel; J.

This is a damage suit, based upon the wrongful seizure of plaintiff's goods by defendant. It appears that under a fi.fa. of defendant issued against S. K. Ali, certain household furniture and fixtures were seized belonging to the plaintiff, and said goods were kept under seizure for three days, when on the affidavit of plaintiff herein, averring that the property seized was his property and not the property of the judgment debtor, same was released by the Constable with the consent of the defendant, and by his orders. Alleging further that the seizure was absolutely tortuous and without any right thereto and caused plaintiff herein mental agony and that some of the property seized was destroyed and others not fit for use; claimed damages in the sum of $300.00.

The defendant first filed a general denial and subsequently alleged in a supplemental and amended answer that subsequent to the seizure plaintiff called at defendant's store and agreed to pay the full amount of the judgment against Ali and did pay the sum of $8.50, thus acquiescing in the seizure, hence not entitled to any damages.

A reading of the testimony in this case shows that the seizure made by the defendant and which was released three days subsequently, was absolutely unjustifiable, that the property seized was the property of the plaintiff in this case, that plaintiff was put to great and serious inconvenience for the time being and suffered some loss in the destruction of some of the property seized. There was no justification for the seizure whatsoever; the parties were in no way connected or related, one way or the other, they happened to live under the same roof, and had their belongings in different rooms of the apartment; plaintiff protested vigorously against the seizure and did all that he could to try and prevent same, but without effect, and the statement made in the answer that plaintiff paid $8.50 which denied by him, gave no justification for seizi- his, plaintiff's

property under a judgment against another party.

We have no doubt that plaintiff has fully maintained his claim for damages and that the judgment rendered in this case is correct.

We find in the case of Mrs. Epstein vs. Henry T. Roux et al, 12 Court of Appeal, 313, the court goes on to decide:

"Defendants point to no circumstance that might have lead them into the error which of believing the property which they directed the Constable to seize was that of their judgment debtor. On the contrary they acted wholly without information on the subject, without previous investigation and with such inexcusable recklessness and such wanton indifference for the rights of others as to warrant the imposing of/punitive damages, even though there action was apparently prompted by no ill-feeling towards plaintiff nor intent to injure her. "

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo be and thesame is hereby affirmed, costs of both courts to be paid by the defendant.

-Judgment affirmed-